Catherine Davies Baumann v. Commissioner.
Baumann v. Commissioner
Docket No. 21693.
United States Tax Court
1951 Tax Ct. Memo LEXIS 202; 10 T.C.M. (CCH) 549; T.C.M. (RIA) 51173; June 12, 1951
*202 B. M. Wimberly, Esq., for the petitioner. Thomas C. Craven, Jr., Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income taxes for the calendar years 1946 and 1947. Deficiencies were determined in the respective amounts of $117 and $181, respectively. The only question presented is whether the petitioner is entitled to claim as dependents two daughters, within the intendment of section 25 (b) (1) (C) and (3) of the Internal Revenue Code. Findings of Fact The petitioner, Catherine D. Baumann (now Berminster), is the mother of two daughters, Laura Joan and Eleanor Jean Baumann, by a previous husband, later divorced. In 1946 the children were 12 and 9 years of age, respectively. Petitioner, her mother, Mrs. Laura Davies, and the two children lived together in Atlanta, Georgia. During each of the taxable years petitioner's divorced husband, Austin Spencer Baumann, contributed $600 a year for the care and maintenance of the two children. For each of the years he claimed credit under section 25 (b) (1) (C) and (3) because of the two children, as being his dependents. The petitioner at *203 the beginning of each school year spent between $75 and $100 in outfitting the children for the winter. She spent about 50 cents a day for each school day for their lunches, also about $75 each year for milk for the children, and about $80 each year for moving picture shows and car fare. The water bill for the house was $12 per year, taxes $34.60 per year, insurance $17.55 per year, telephone bill $31.08 per year, gas bill $85.64 in 1946 and $110.33 in 1947. The electric bills were $59.23 in 1946 and $59.52 in 1947. She spent about $250 a year for clothes for the two girls and spent $13 per year on insurance, on policies on the children. Petitioner was the beneficiary. Petitioner's attorney, because she had done some typing for him without accepting compensation, paid some bills for her and purchased Christmas presents for the children, to the extent of about $35. Petitioner's mother from her own funds bought clothes for the children, and paid the grocery bills, which were $18 to $25 a week. She also paid some water bills and once paid taxes for petitioner. She did not pay petitioner any board or rent. A reasonable rent from the mother was $25 a month. Petitioner and her mother *204 never had any agreement on the matter. Her mother just paid bills, to help out. Petitioner and her mother in the early part of 1946 discussed the mother's claiming one of the children as a dependent but petitioner's attorney advised her that her mother's contributions would have to be considered voluntary contributions, in the nature of gifts. Petitioner objected to her mother taking one of the children as an exemption, as she wished to do. The attorney considered that neither petitioner nor her mother was spending as much money on the children as their father was spending, but that together they were, and the mother's contribution should be considered as gifts, so it was agreed that petitioner should claim the children as dependents. Petitioner in 1946 paid $356.04 on notes in payment for the home. This amount, including closing costs of about $100, involved the purchase. Such closing costs were paid only once. Payments were made on the home in 1947 in the amount of about $256. Petitioner reported income of $1,238.17 in 1946; and $1,617.70 in 1947. Opinion From the evidence adduced, and the facts above found, which need not be repeated, it is clear that petitioner has not sustained *205 the burden of showing error by the Commissioner in denying credit for the children as dependents, under section 25 (b) (1) (C) and (3) of the Internal Revenue Code. The father contributed $600 a year. The petitioner's mother paid the grocery bills and some other bills in the amount of $18 to $25 a week, or $936 to $1,300 per year. Though petitioner's attorney worked out for her a theory that the payments of these bills were gifts (whether to petitioner or the children is not altogether clear), we think the theory does not serve its purpose. The grandmother simply helped, in large measure, to support herself, her daughter and the children. She is not here claiming dependency of the children. Though she did have a home, it appears, with petitioner and the children, the only estimate of the value of rent from her is $25 a month or $300 a year. We can not consider the grandmother's payments as gifts to petitioner so that the children can be said to have received support to that extent from the petitioner. The evidence tends to indicate, rather, gifts to or support of the children themselves and it therefore fails to appear that within the statutory language the children *206 claimed as dependents received over half of their support from the petitioner. The petitioner testified that the $600 contributed by the father of the children was applied on the amounts claimed as spent by her. This, with the contributions by the grandmother, indicates that the petitioner by no means contributed more than half of the children's support. Again, it is not shown that the children did not have gross income of more than $500 each, as is necessary under the statute. In addition, the record is too indefinite as to amounts actually contributed by the petitioner for us to find that she herself contributed more to the children's support than the $600 proven to have come from the father. We conclude and hold that the petitioner has failed to show error on the part of the Commissioner in the determination of deficiency. Decision will be entered for the respondent.